******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TINESSE TILUS
(SC 19503)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.

Argued November 14—officially released December 27, 2016

*Mark Rademacher*, assistant public defender, with whom, on the brief, was *Janice N. Wolf*, assistant public defender, for the appellant (defendant).

*Emily D. Trudeau*, assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Joseph J. Harry*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. Following a jury trial, the defendant, Tinesse Tilus, was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2) in connection with an incident in Bridgeport in 2011. The trial court sentenced him to a term of twelve years incarceration, execution suspended after eight years, followed by four years of probation. The defendant appealed from the judgment of the trial court to the Appellate Court, claiming, among other things, that: (1) the trial court failed to secure a valid waiver of his constitutional right to conflict free representation; and (2) the prosecutor violated the defendant's right to a fair trial by committing several improprieties in closing and rebuttal arguments to the jury. The Appellate Court affirmed the judgment of the trial court, holding that the defendant's waiver was valid and that the prosecutor's isolated improper statements did not deprive the defendant of a fair trial in light of its consideration of the factors set forth in *State* v. *Williams*, 204 Conn. 523, 540, 529 A.2d 653 (1987). *State* v. *Tilus*, 157 Conn. App. 453, 460, 489, 117 A.3d 920 (2015). We then granted the defendant's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court properly determine that the trial court secured a valid waiver of the defendant's constitutional right to conflict free representation?"; and (2) "Did the Appellate Court properly determine that the prosecutor did not violate the defendant's right to a fair trial in the prosecutor's closing argument?" *State* v. *Tilus*, 317 Conn. 915, 117 A.3d 854 (2015).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.